UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>LEO BLAS,<br><br>               Debtor. | Chapter 7<br>Case No. 17-00411 GS<br><br>**MEMORANDUM DECISION ON DEBTOR'S REMAINING OBJECTIONS TO PROOF OF CLAIM 3 FILED BY BANK OF AMERICA, N.A.** |

On July 5, 2018, the court entered its Order (1) Overruling in Part Objection to Proof of Claim 3-1 and (2) Setting Evidentiary Hearing (Order),[1] overruling in large part the objection filed by debtor Leo Blas to proof of claim 3-1 filed by creditor Bank of America, N.A. (BANA). Pursuant to its Order, the court set an evidentiary hearing at which the sole evidence to be presented was the original promissory note made between Mr. Blas and BANA on February 22, 2008. That evidentiary hearing was held on August 29, 2018. For the reasons stated on the record at the hearing and in this decision, the court will issue a separate order overruling Mr. Blas's remaining objections to proof of claim 3-1.[2]

**I.    BACKGROUND**

As stated in the court's Memorandum Decision on Debtor's Objection to Proof of Claim 3-1 (Prior Memorandum Decision),[3] the state court history between the parties is well established by the briefs on file with the court. The brief discussion of that history contained in the Prior Memorandum Decision is hereby incorporated herein by this reference.

---

[1] ECF No. 106.
[2] On November 13, 2018, the court entered its Order Regarding Request for Mediation and Staying Pending Matters Between Debtor and Bank of America, N.A. (ECF No. 161) (Order Staying Proceedings) which stayed all matters in the debtor's bankruptcy case and related adversaries, including all proceedings in the main bankruptcy case, with the sole exception of the chapter 13 trustee's motion to dismiss (ECF No. 157) (Motion to Dismiss). Since the entry of the Order Staying Proceedings, two separate settlement conferences have been conducted in this case by the Hon. Trish Brown (*see* ECF Nos. 181 and 219), and the debtor has converted his case to one under chapter 7 (*see* ECF No. 183), in response to the Motion to Dismiss. At a status conference held on June 5, 2019, the court confirmed on the record that the only matter which remains stayed under the Order Staying Proceedings is adversary proceeding *Blas v. Bank of America, N.A.*, 18-90028-GS. None of these events have affected the court's analysis in this memorandum decision.
[3] ECF No. 105.

### A.     Mr. Blas's Second State Court Lawsuit

On September 12, 2017, Mr. Blas commenced Alaska Superior Court case number 3AN-17-09098 CI against BANA.[4]  In March of 2019, the Alaska Superior Court granted BANA's motion for summary judgment in that case, based in part on res judicata.[5]  Blas appealed that decision to the Alaska Supreme Court, and on October 9, 2019, the Alaska Supreme Court issued its decision affirming the Superior Court's decision.[6]  In that decision, the Supreme Court reiterated once again that "'Bank of America ha[s] authority to bring a foreclosure action against Blas.'"[7]  It further addressed Mr. Blas's argument that Fannie Mae has standing to foreclose on the note, observing that "Bank of America sold the underlying note on the home to Fannie Mae, but retained its interest as the servicer of payments on the loan, *including the authority to foreclose on the home.*"[8]  The Supreme Court concluded, "even if Fannie Mae somehow were involved, current federal authority suggests that Fannie Mae should not be considered a state actor in foreclosure proceedings."[9]

### B.     Evidentiary Hearing in Mr. Blas's Bankruptcy Case

For the reasons stated in the Prior Memorandum Decision, the court reserved two of Mr. Blas's objections to BANA's claim for resolution following a further evidentiary hearing (Evidentiary Hearing): (1) the objection to BANA's standing to file proof of claim 3-1; and (2) various arguments arising from UCC series 3-300 *et seq*.  As noted in the Prior Memorandum Decision, both of these reserved arguments hinged on whether BANA was in possession of the original promissory note.  The sole purpose of the Evidentiary Hearing, originally set for August 1, 2018 and continued to August 29, 2018 by agreement of the parties,[10] was to provide BANA the

---

[4] ECF No. 43-8.
[5] ECF No. 230-1, p. 3, ¶ 3.
[6] *Id.*, *passim.*
[7] *Id.* at p. 5, ¶ 5 (quoting *Blas v. Bank of Am., N.A.*, 2017 WL 1379317, at *5 (Alaska Apr. 12, 2017)).
[8] *Id.* (citing *Blas*, 2017 WL 1379317, at *1) [emphasis added].
[9] *Id.* (citing cases).
[10] *See* ECF Nos. 116, 119.

opportunity to present to the court and Mr. Blas the original promissory note for in-person inspection.[11]

In advance of the Evidentiary Hearing, on July 6, 2018, the court issued its order[12] setting a final hearing on BANA's motion for relief from the automatic stay for the same date as the Evidentiary Hearing.[13] Pursuant to that order, the court set deadlines for both parties to file witness and exhibit lists. On July 24, 2018, Mr. Blas filed his witness and exhibit list,[14] including a "certified forensic document examiner" by the name of Roland Emmons, who was to appear at the final hearing by telephone.

On August 29, 2018, the court commenced the Evidentiary Hearing. The sole witness was called by BANA, and she produced a single document for inspection. The witness, Jennifer Chatman, Assistant Vice President in the Legal, Order and Case Resolution Operations Department at BANA, testified that the document produced at the Evidentiary Hearing was the original promissory note made between Mr. Blas and BANA on February 22, 2018. Both parties were permitted to question the witness, and the document was examined by Mr. Blas and the court. After examination and consideration of the testimony provided, the court determined that the document produced was the original promissory note: it was hole punched; bore multiple staple marks; the signature of Mr. Blas on page 6 of the document was in blue ink above the typed name "Lior Blas"; there was a bar code affixed to the document; and the document was endorsed in blank.[15] The court accepted the testimony of the witness, and found no inconsistencies in its comparison of the produced document to the copies provided by BANA in its various pleadings filed on the docket.[16] Mr. Blas orally requested the opportunity for forensic examination of the original promissory note,[17]

---

[11] ECF No. 106.
[12] ECF No. 108.
[13] ECF No. 86.
[14] ECF No. 117.
[15] *See* ECF No. 171, at pp. 37:9-38:9.
[16] *Id.* at p. 38:9-12.
[17] *Id.* at p. 38:21-22.

3

but the forensic examiner on his witness list was not present either in person or on the telephone at the Evidentiary Hearing.

## II.  ANALYSIS

### A.  Mr. Blas's Various Objections to Admission of the Note into Evidence are Overruled

On several occasions during his examination of the witness at the Evidentiary Hearing, Mr. Blas strayed from questioning into argument. While the court would not normally entertain argument in an evidentiary hearing, in light of Mr. Blas's status as a *pro se* participant in these proceedings the court will construe Mr. Blas's arguments as objections to the admission of the document introduced by BANA at the evidentiary hearing.

Mr. Blas objected to the admission of the original promissory note into evidence, alleging based on his own examination of the document that it was a forgery. He asserted that his argument was supported by certain physical measurements he made, and because the paper was too new to be a document from 2008. Mr. Blas having presented no evidence that he is an expert qualified to testify as to the authenticity of a document based on its physical attributes, Mr. Blas's objection alleging that the document is a forgery is overruled.

Mr. Blas further argued that because the note was in the possession of ReconTrust in 2010 and 2015, BANA could not possibly have held the note at the time it foreclosed on Mr. Blas's property. The witness testified that ReconTrust is a wholly-owned subsidiary of BANA, and that the promissory note has been held in BANA's Texas storage facility since 2011 (until being shipped in April 2018 to BANA's counsel in this dispute). The court is persuaded based on the witness's testimony that BANA was the holder of the note at all times relevant to the claim objection. In short, there is no evidence that whoever held the note was not authorized by BANA to do so on its behalf.

Further, as stated by the court on the record, Mr. Blas's arguments regarding the authenticity of the endorsement in blank on the note are irrelevant. The promissory note was made out to

4

BANA, and it is in BANA's possession.  The court need not rely on the endorsement in blank to find that BANA is the bearer of the note, and thus arguments regarding the authenticity of the endorsement are irrelevant.

Finally, Mr. Blas's request for a forensic examination of the document is overruled.  Mr. Blas listed a purported forensic examiner on his witness list for the evidentiary hearing held on August 29, 2018, but failed to produce that witness to testify at the time of the hearing.

### B.  Mr. Blas's Remaining Arguments in Support of the Claim Objection are Overruled

In the Prior Memorandum Decision, the court determined that it lacked the necessary evidentiary predicate to conclude that BANA was the holder of the original note, and thus the party with standing to file proof of claim 3-1.  At the Evidentiary Hearing, the court determined that BANA was in possession of the original note made between Mr. Blas and BANA on February 22, 2018.  The court also ruled that, based on the evidence presented, BANA is the bearer of the original promissory note which is made out to BANA and is in its possession.  It is thus the bearer of the note.  Accordingly, Mr. Blas's objection to proof of claim 3-1 based on BANA's alleged lack of standing is overruled.

Mr. Blas's objections to BANA's proof of claim rooted in UCC 3-300 *et seq.* are similarly overruled.  As noted in the Prior Memorandum Decision, those arguments were dependent upon Mr. Blas's contention that BANA could not produce the original promissory note.  BANA did produce the original promissory note at the Evidentiary Hearing.  Mr. Blas's arguments based in BANA's inability to produce that note necessarily fail.

Finally, although it was not clearly raised by Mr. Blas in the Claim Objection,[18] the court will address his argument at the Evidentiary Hearing regarding the purported sale of the promissory note to Fannie Mae.  In essence, Mr. Blas contends that because BANA sold the note to Fannie Mae, Fannie Mae is the true owner of the note and BANA is not the proper party in interest to file

---

[18] Capitalized terms used but not otherwise defined herein have the meaning assigned to them in the Prior Memorandum Decision.

the proof of claim. Mr. Blas's argument is not well-taken. In connection with the Claim Objection, BANA has provided this court with copies of decisions by the Alaska Superior and Supreme Courts addressing Mr. Blas's arguments raised in Superior Court case 3AN-14-04595 CI. On August 26, 2015, the Superior Court entered its Order Granting Summary Judgment for Defendant, in which it recognized that "[BANA] stipulates that it sold the note to Fannie Mae, but *maintains that it possesses the note* and services it on behalf of Fannie Mae."[19] The Superior Court noted Fannie Mae's guidelines permitting servicers to represent Fannie Mae's interest while acting in their own name.[20] The guidelines further provided that "whenever [BANA] performs services related to the loan, Fannie Mae gives [BANA] possession of Fannie Mae's note."[21] The Supreme Court concluded that as a matter of law, "[i]f [BANA] has statutory and contractual authority to foreclose, then [BANA] can present itself as a 'beneficiary' under AS 34.20.120(a) even though it conveyed investor interest in the note."[22]

The court has also reviewed the Alaska Supreme Court's judgment affirming the Alaska Superior Court's grant of summary judgment in favor of BANA regarding its standing to foreclose on the note (among other issues).[23] In that decision, the Supreme Court acknowledged that in March 2008, Fannie Mae became an investor on Mr. Blas's loan.[24] It further cited Fannie Mae's servicing guidelines, noting that Fannie Mae's servicers "may be given temporary 'possession of the mortgage note(s) whenever the servicer, acting in its own name, represents Fannie Mae's interests in foreclosure actions.'"[25] Noting that BANA is also "explicitly listed as the beneficiary of his deed of trust," the Supreme Court concluded that BANA had authority to bring the foreclosure action against Mr. Blas.[26]

---

[19] ECF No. 43-3, p. 18 [emphasis added].
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] ECF No. 43-3 at pp. 72-86.
[24] *Id.* at p. 73.
[25] *Id.*
[26] *Id.* at p. 81.

Additionally, as noted above, the Alaska Supreme Court's most recent decision affirming the Alaska Superior Court's grant of summary judgment in favor of BANA in Mr. Blas's second state court lawsuit further supports a finding that Fannie Mae is not the party with standing to foreclose on the Property. In that decision, the Alaska Supreme Court expressly refuted Mr. Blas's argument regarding Fannie Mae, finding that BANA "retained…the authority to foreclose on the home."[27] It further concluded that "even if Fannie Mae somehow were involved, current federal authority suggests that Fannie Mae should not be considered a state actor in foreclosure proceedings."[28]

In light of these prior decisions, the court is not persuaded by Mr. Blas's argument that because Fannie Mae is an investor in the promissory note in question, that BANA lacks standing to file a proof of claim based on that debt. BANA has established that it is the holder of the note entitled to file the proof of claim and seek recovery. Any obligations concerning the ultimate disposition of such recovery between BANA and Fannie Mae do not negate BANA's ability to file the claim and seek recovery. Moreover, as discussed in the Prior Memorandum Decision, these arguments are barred by the doctrines of res judicata and collateral estoppel. Furthermore, Mr. Blas himself has not recognized Fannie Mae as the holder of his loan in this bankruptcy: Fannie Mae is not listed as a creditor in Mr. Blas's schedules,[29] nor did Mr. Blas list Fannie Mae on his creditor matrix.[30] He stated on the record at the Evidentiary Hearing that he has been in contact with Fannie Mae, and they want nothing to do with this proceeding. For these reasons, the court will overrule what it has construed as Mr. Blas's supplemental objection to proof of claim 3-1 alleging that Fannie Mae is the true party in interest to bring the claim.

---

[27] ECF No. 230-1, p. 5, ¶ 5 (citing *Blas*, 2017 WL 1379317, at *1).
[28] *Id.* (citing cases).
[29] *See* ECF No. 20.
[30] *See* ECF No. 1-1.

### III.     CONCLUSION

For the reasons stated above, the court will issue a separate order denying the outstanding arguments in support of Mr. Blas's objection to BANA's proof of claim 3-1.

DATED:  December 17, 2019

    /s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve:   C. Lowery-Graber, Esq.
M. Seville, Esq.
L. Blas, 24245 Temple Drive, Chugiak, AK 99567
N. Jipping, Trustee
U.S. Trustee
ECF Participants via NEF
Case Manager