UNITED STATES BANKRUPTCY COURT

DISTRICT OF ALASKA

FILED
DEC 1 8 2019
U.S. BANKRUPTCY COURT
CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| In re: | ) Chapter 7 |
| LEO BLAS, | ) Case No.17-00411 GS |
| Debtor.. | ) |
| | ) NOTICE AND MOTION FOR |
| | ) RECONSIDERATION AND APPEAL OF THE |
| | ) ORDER GRANTING PROOF OF CLAIM |
| | ) DATED 12/17/19. |
| | ) |
| | ) DATED DECEMBER 17, 2019 |
| | ) |

**BEFORE THE HONORABLE: GARY SPRAKER, UNITED STATES BANKRUPTCY**

**JUDGE, OPPOSING PARTIES, THEIR ATTORNEYS,**

**AND ANY OTHER PARTIES OF INTEREST.**

Now comes the non-profit Organization known as Americans Against Foreclosures ( AAF ), with the permission and authorization of Mr. Leo Blas, and files this Notice and Motion for Reconsideration of the Order and Memorandum dated December 17, 2019, based on the following:

1.) That from a review of the Memorandum we can clearly see that the following questions of fact exist: Is the note the original, and who is the owner of the note?

2.) In the Memorandum we read that Bank of America, N.A. (BANA) owned the

NOTICE AND MOTION FOR RECONSIDERATION AND APPEAL

1

"promissory note made between Mr. Blas and BANA on February 22, 2008", and then that BANA stipulated that Fannie Mae owned it?

3.) We have not found any evidence in this case that Fannie Mae authorized BANA to act in its name as an Agent if, in fact, Fannie Mae is the Principal and BANA its Agent.

4.) We believe that the Court has decided questions of fact that can only be decided by the triers of fact in a trial by Jury, pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure (FRBP).

5.) Pursuant to Rule 9015(c) and Rule 50 of the Federal Rules of Civil Procedure (FRCP) 50, we request on behalf of Mr. Leo Blas, that a new trial be granted regarding the above referenced issues of fact, no later than 14 days after the entry of this judgment.

6.) If a motion for reconsideration is filed it "is treated as a motion to alter or amend judgment under FRCP 59(e)." Am. Ironworks & Erectors, Inc. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001) (citing United States v. Nutricology, Inc., 982 F.2d 394, 397 (9th Cir. 1992)); see also In re Walker, 332 B.R. 820, 826 (Bankr. D. Nev. 2005).

7.) A motion for reconsideration may also be construed as a motion for relief from a judgment under FRBP 9024, if the time for filing an appeal has expired. United States v. Nutricology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). FRBP 9024, which governs relief from a judgment or order, provides that a motion for relief from an order is governed by FRCP 60. FRCP 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); **(3) fraud**; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances'

which would justify relief." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).

WHEREFORE. Pursuant to Rule 9015(c) and Rule 50 of the Federal Rules of Civil Procedure (FRCP) 50, we request on behalf of Mr. Leo Blas, that a new trial by Jury be granted regarding the above referenced issues of fact, no later than 14 days after the entry of this judgment.

Date:   December 17th, 2019

/s/ OBO MR. LEO BLAS

AMERICANS AGAINST FORECLOSURES ( AAF )

_____

Signed